UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

EDWARD CURTIS A/K/A
DON ELVIS SUGAR PRESLEY,

        Petitioner,

   v.              9:09-CV-889 (LEK/DRH)

OXLNY,
Correctional Officer, Auburn Correctional
Facility,

        Respondent.

---

APPEARANCES:

EDWARD CURTIS
83-A-2337
Petitioner *pro se*
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13021

LAWRENCE E. KAHN
U.S. SENIOR DISTRICT JUDGE

## **DECISION AND ORDER**

On August 4, 2009, Petitioner Edward Curtis filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1. The petition itself was mostly blank, but Petitioner attached a document captioned "Complaint for Negligence" that included a demand for damages from a corrections officer. He also attached an Inmate Misbehavior Report detailing a prison disciplinary proceeding that resulted in a sentence of fourteen days in keeplock, during which time he lost the privilege to receive packages and use the phone and commissary. Petitioner also stated that he was

being held in custody despite a governor's pardon.  See Dkt. No. 1 at ¶ 13.

The bulk of Petitioner's submission challenged a prison disciplinary proceeding resulting in sanctions that did not affect the overall length of his confinement, for which he sought money damages. His petition was therefore more properly cast as a civil rights action 42 U.S.C. § 1983 rather than as a habeas petition under 28 U.S.C. § 2254.  See Dkt. No. 1; Dkt. No. 2.

In a Decision and Order dated August 19, 2009, Petitioner was advised that if he wished to proceed with a civil rights action in which he sought damages in connection with a prison disciplinary proceeding that did not affect the fact or length of his confinement, he must file an amended pleading in compliance with Rules 8, 10 and 11 the Federal Rules of Civil Procedure within thirty days of the filing date of the order.  See Dkt. No. 2 at 3-4 (citing Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 192 (2d Cir. 2008)).  Petitioner was directed to either pay the appropriate filing fee ($350.00) or request *in forma pauperis* status by completing an *in forma pauperis* application.  Id.  The Court also dismissed without prejudice Petitioner's claim that he was being held despite a governor's warrant to allow Petitioner to re-file a separate application for a writ of habeas corpus.  Id. at 4-6.  Petitioner was advised that if he failed to file an amended pleading within thirty days of the filing date of the Decision and Order, this action would be subject to dismissal.  Id. at 7.

To date, Petitioner has not complied with the Court's August 19, 2009 Decision and Order. Accordingly, this action is dismissed without prejudice.

**WHEREFORE**, based on the foregoing, it is hereby

**ORDERED,** that this action (Dkt. No. 1) is dismissed without prejudice; and it is

**ORDERED**, that the Clerk of the Court is directed to close this case; and it is

**ORDERED**, that the Clerk of the Court shall serve a copy of this Decision and Order on Petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   October 28, 2009
         Albany, New York

_Lawrence E. Kahn_
Lawrence E. Kahn
U.S. District Judge